**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| THOMAS W. FAUGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:05-cv-1393-SEB-VSS |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Complaint for Judicial Review**

Thomas W. Faught ("Faught") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*.

For the reasons explained in this Entry, the Commissioner's decision must be **affirmed.**

**I. BACKGROUND**

Faught filed an application for DIB on April 27, 2000, alleging an onset date of disability of December 16, 1998. His application was denied initially and upon reconsideration. His request for a hearing before an Administrative Law Judge ("ALJ") was granted, and such hearing was conducted on February 13, 2002. Faught was present, accompanied by his attorney.  Medical and other records were introduced into evidence, and Faught, his wife, a medical expert ("ME") and a vocational expert ("VE") testified at the hearing. Following the issuance of an unfavorable decision, Faught requested review by the Appeals Council, which was granted.  The case was remanded and a supplemental hearing was held on January 13, 2004.  Faught, his wife, a ME and a VE testified at the supplemental hearing. The ALJ issued a decision on May 27, 2004, denying benefits.  On July 29, 2005, the Appeals Council denied Faught's request for review, making the ALJ's decision final, *see Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994), and this action for judicial review of the ALJ's decision followed. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

The ALJ's decision included the following findings: (1) Faught met the disability insured status requirements of the Act through December 31, 2003; (2) Faught had not engaged in substantial gainful activity at any time relevant to the ALJ's decision; (3) the medical evidence established that Faught had a "severe" impairment consisting of degenerative disc disease, and that he also had a "non-severe" impairment consisting of anxiety; (4) Faught did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4; (5) Faught retained the residual functional capacity ("RFC") to perform sedentary exertional level work (sitting at least six hours in a work day, lifting no more than 10 pounds at a time, and occasionally lifting or carrying articles like docket files, ledgers, and small tools) with a sit/stand option, no repetitive twisting or bending over 45 degrees from the waist, no work at unprotected heights, around dangerous moving machinery, open flames and bodies of water; (6) Faught's allegations of pain, other symptoms, and functional limitations were not entirely credible; (7) Faught had acquired work skills, which he demonstrated in past work and which were transferable to other sedentary jobs, and considering his RFC, these work skills could be applied to meet the requirements of skilled or semiskilled work activities of other work, including such jobs as data entry clerk (12,535 jobs) and record clerks (1,493 jobs), and unskilled sedentary cashiers (13,518 jobs), information clerks (1,127 jobs), and assemblers (6,642 jobs); (8) Faught's past relevant work as an underwriter did not require the performance of work related functions precluded by the above limitations; and (9) Faught's impairments did not prevent him from performing his past relevant work. With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that Faught had not been disabled within the meaning of the Act at any time relevant to the ALJ's decision.

## II.  DISCUSSION

### A.  Applicable Law

To be eligible for disability benefits, a claimant must prove he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1).

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Butera v. Apfel,* 173 F.3d 1049, 1054 (7th Cir. 1999).

> In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir.1997); 20 C.F.R. § 416.920.

2

*Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B.     Analysis

The ALJ found that although Faught had a "severe" impairment consisting of degenerative disc disease, he could perform his past relevant work and other jobs.

Faught first argues that the ALJ erred in assessing his credibility. He contends that his extensive treatment for pain renders the ALJ's assessment patently wrong. He also argues that the ALJ's evaluation of Faught's use of medication was inadequate.

The court grants special deference to the credibility determination made by the ALJ and generally will not overturn an ALJ's credibility finding unless it is "patently wrong." *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir.2001). In this case the ALJ discussed the applicable criteria:  daily activities; the location, duration, frequency, and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness, and side-effects of medication; treatment, other than medication, for relief of pain; and the objective medical evidence and other evidence.  (R. at 30-33).

The ALJ discussed the history of Faught's treatment for back pain. He concluded that although there was no doubt that Faught experienced pain, he did not find credible evidence of symptoms of such frequency, duration or intensity as to prevent Faught from working at the level assessed. (R. at 31). He noted that Faught's symptoms were aggravated by exertion, bending, lifting and prolonged sitting or standing. *Id.* The ALJ noted that he took these matters into account in assessing Faught's RFC. *Id.* The ALJ acknowledged that Faught took a variety of medications, but found that none resulted in any significantly limiting side effects. (R. at 31).  The ALJ noted that Faught had undergone surgery, physical therapy, used a TENS unit and a cane. (R. at 32). Again, the ALJ acknowledged that the evidence regarding medications and other treatments confirmed the existence of impairments and functional limitations, but found that it did not establish an inability to work at the level assessed. *Id.*  The ALJ noted Faught's daily activities, including his ability to maintain his personal hygiene and grooming, drive, read, watch television and movies, eat in restaurants, and use the computer. *Id.*

The ALJ discussed the results of the independent orthopedic examination, noting that there was significant range of motion limitation in the low back and positive straight leg raising test at 40 degrees in the supine position, but no other positive findings. (R. at 32). The ALJ noted that the examiner, Dr. Gibson, found that "some of the reactions to the tests seemed to be slightly magnified and associated with pain out of proportion to the activities."

*Id.* Although Dr. Gibson opined that Faught was "unable to perform any substantial sustained activity as a result of his symptoms," the ALJ noted that Dr. Gibson also stated that he "suspect[ed] that his anxiety, and possible medication overuse plays a substantial part in his impairment." *Id.* In light of that qualification of Dr. Gibson's opinion, and the two contrary opinions given by orthopedic specialists who had testified at two hearings, the ALJ did not fully credit Dr. Gibson's opinion relating to Faught's ability to perform sustained activity. *Id.* The ALJ's evaluation of this opinion is supported by his stated reasons and by substantial evidence.

Faught also contends that the ALJ's suspicion of Faught possibly having unreported self-employment income is not a valid basis to discredit him. The ALJ did consider the significant difference between Faught's former income and his self-reported income as a credibility factor, but he did not rely exclusively on that issue in determining Faught's credibility.

The ALJ did not find that Faught was not experiencing pain, nor was his discussion of Faught's medications inadequate. In this case, the ALJ discussed each of the relevant criteria in weighing Faught's credibility. He provided reasons supported by record evidence for finding not fully credible Faught's allegations that he could not perform a limited range of sedentary work. The ALJ's discussion relating to Faught's credibility is adequate to allow the court to trace his reasoning. The court does not find that the ALJ's analysis is patently wrong, and therefore, must affirm the ALJ's credibility determination.

Faught further argues that the ALJ erred in rejecting the conclusion of consulting examiner, Dr. Gibson, that Faught could not perform substantial sustained activity. As discussed above, however, the ALJ reasonably found that Dr. Gibson's opinion was not supported by Dr. Gibson's own findings. (R. at 32). Dr. Gibson reported predominantly normal findings and also noted that some of Faught's test reactions were slightly magnified and associated with pain out of proportion to the activities. *Id.* Dr. Gibson opined that Faught's anxiety and overuse of medication played a significant part in Faught's impairments. *Id.* Dr. Gibson's opinion also conflicted with that of two other orthopedic specialists. *Id.* Substantial evidence supports the ALJ's failure to fully credit Dr. Gibson's opinion.

Faught also contends that the ALJ failed to discern the specific functions of his past work as an underwriter before concluding that he could return to that work. At the supplemental hearing, the VE classified Faught's past work, insurance underwriter job, as a skilled sedentary position, consistent with the *Dictionary of Occupational Titles*. (R. at 540). The ALJ asked the VE whether a hypothetical person having Faught's RFC could perform the insurance underwriter job. *Id.* The VE responded in the affirmative. *Id.* Faught has failed to meet his burden of showing that he was unable to perform his past relevant work. *Strittmatter v. Schweiker*, 729 F.2d 507 (7th Cir. 1984), upon which Faught relies in arguing that a remand is required, is distinguishable because in that case, the ALJ did not seek the opinion of a VE in determining the demands of the claimant's former work. In addition to finding that he could perform past relevant work, the ALJ also found, based on the VE testimony, that there were other sedentary jobs in the national economy which Faught could perform. This conclusion is supported by substantial evidence. There is no

error in the ALJ's determination that Faught could perform his past relevant work and other sedentary jobs.

In sum, in determining Faught's eligibility for benefits, the ALJ applied the proper analytical methodology and fairly considered and weighed the evidence. The ALJ's decision was based on consideration of: (1) Faught's age, education, and work history; (2) Faught's history of diagnoses, treatment, medications, and evaluations; (3) Faught's own account of his conditions, capabilities, limitations, symptoms and daily routine; and (4) the testimony of Faught, his wife, a ME and a VE. There was no significant evidence, symptom, complaint, or issue which the ALJ's decision overlooked. Substantial evidence supports the ALJ's findings of fact and identification and assessment of Faught's impairments, and there was no error of law in the manner in which the evidence was evaluated. The ALJ sufficiently articulated his assessment of the evidence to enable the court to "trace the path of [his] reasoning," *Hickman v. Apfel,* 187 F.3d 683, 689 (7th Cir. 1999) (quoting *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996)), and substantial evidence supported the ALJ's determination that Faught was not disabled as defined in the Act at any time through the date of the ALJ's decision.

### III. CONCLUSION

There was no reversible error in the assessment of Faught's application for DIB. The final decision of the Commissioner is supported by substantial evidence and is not tainted by legal error. In these circumstances, Faught is not entitled to relief in this action. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 08/29/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana